(54 Misc. 651)

### HORWITZ v. FRANKEL et al.

#### (Supreme Court, Appellate Term. June 6, 1907.)

1. VENDOR AND PURCHASER—CONTRACT OF SALE—RECOVERY OF PURCHASE PRICE.

The right of one receiving a check, in part payment of real estate to be conveyed at a specified future time, to recover thereon, depends on his readiness and ability to perform by making the conveyance; and where, before the time of performance, he has placed it out of his power to perform by a previous conveyance, he cannot recover, though the purchaser failed to appear at the time and place named for the purpose of expressing his willingness and ability to perform his part of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 877–899.]

2. SAME.

Where a vendor in a contract for the sale of real estate has repudiated his contract, and has notified the purchaser that he will not comply therewith, the purchaser need not appear on the day set for the making of the conveyance and offer to perform his part of the contract, to be relieved from the obligations thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 877–899.]

Appeal from City Court of New York, Special Term.

Action by Hyman Horwitz against Frank Frankel and another, doing business under the name and style of Frankel Brothers. From a judgment for plaintiff by direction of the court, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Maurice J. Katz (Alex B. Greenberg, of counsel), for appellants. Charles H. Friedrich, for respondent.

FITZGERALD, J. On the 17th day of September, 1906, the plaintiff and one of the defendants entered into a written contract for the exchange of a piece of real estate owned by the plaintiff for a piece owned by said defendant. The agreed difference in value was $5,-000, which was to be paid by said defendant. At the time the contract was made the defendants gave the plaintiff their check for $1,000, part payment of said $5,000, and the exchange of title was to take place on October 15, 1906. The day after the check was given the defendants were on their way to the bank to deposit the amount of the check when they met the plaintiff, who then told them in substance that the defendants had misrepresented the condition of their property, that it was a "negro block," and that he should refuse to exchange with the defendants, and would not convey to them the

property owned by him, and that he would not pass the title thereto on October 15, 1906. The defendants, therefore, made no deposit, and did not appear at the time and place fixed in the contract for the exchange of property, and as to whether or not the plaintiff was there, ready to perform on his part, the record is silent. On October 5, 1906, this action was brought by the plaintiff to recover on the check, and the defendants set up as one of their defenses want of consideration. The facts as above detailed were not disputed, although the plaintiff was called as a witness by the defendants. During the examination of the plaintiff he testified that he had parted with the title of the property described in the contract, and the subject of the proposed exchange between himself and the defendant Frankel, and was asked, "When did you sell it?" An objection made by plaintiff's counsel was sustained, and the defendants excepted to the ruling. No testimony was given upon the part of the plaintiff, except as to the making and indorsement of the check, and its presentation for payment, and refusal by the bank upon which it was drawn to honor it; and the court below directed a verdict for the plaintiff, to which direction the defendants excepted.

The exclusion of the testimony sought to be adduced by the question above quoted is alone sufficient to require a reversal of the judgment. The right of the plaintiff to recover the amount of the check depended upon his readiness, willingness, and ability to perform his part of the contract of exchange; and clearly, if between the date of the contract and the time the exchange was to be consummated, he had placed it out of his power to perform on his part by a previous sale and conveyance of the property to which he was to give the defendants title, he could not retain or recover a part of the consideration paid therefor; nor, under such circumstances, would it be necessary for the defendant to appear at the time and place named for the purpose of expressing his willingness and ability to convey title on his part. The $1,000 sought to be recovered by the plaintiff was a part of the consideration for the conveyance of the plaintiff's property to the defendant, and if he was unable to convey the property at the time fixed he had no claim to any portion of such consideration. Moreover, the plaintiff having repudiated the contract and notified the defendants that he would not comply with its terms, the defendants were under no obligation to appear upon the day set for passing the titles and offer to perform on their part. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Freer v. Denton, 61 N. Y. 492.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.